| | |
|---|---|
| Francis J. Kiernan, Receiver, et al.<br>vs.<br>Earl C. Williams, alias, et al. | Eq. No. 11172. |

February 18, 1932.

BAKER, J. Heard on bill, answer, replication and proof.

This bill was originally brought by the receiver of the estate of a life tenant in a parcel of property located in Pawtucket. Thereafter, the remainder

man became a party complainant and joined in the prayers of the bill.

The bill is brought against the holders of a mortgage on said property, the covenants of which mortgage have been breached, thereby causing a default. The object of the bill is to restrain the foreclosure of said mortgage and to compel the mortgagee to assign and transfer the said mortgage to the nominee of the complainants.

The bill is resisted by the respondents on the theory that they are not obliged to make a transfer or assignment of said mortgage but only to discharge said mortgage in case the proper sums due thereon are tendered them. They rely chiefly upon the case of *Green* vs. *Walker et al.*, 22 R. I. 14, in which it is held that one of several mortgagors cannot without the concurrence of the others require an assignment of the mortgage.

The testimony presented was very brief. It appeared that the complainants had received assurance from a real estate corporation that it would furnish funds necessary to procure the assignment of the mortgage if the title to the property was satisfactory, and a title examiner testified that the title was all right.

The mortgagee Williams said that he desired to foreclose the mortgage to protect the life tenant's interest and that his intention was to bid the property in and make a trust for her benefit.

The life tenant, who was a very old woman, gave evidence that she believed this arrangement was better for her interest and desired the mortgage foreclosed. It appeared that the remainder man was the daughter of the life tenant and that the parties, particularly the latter, had creditors, some of whom had placed attachments on the property in question.

It seems clear that whatever right the complainants may have to compel an assignment of the mortgage debt to some third person is given them by virtue of the statute, viz.: Sec. 7 of Chap. 302, Gen. Laws of R. I. 1923. This section has been before the Court several times for consideration and construction.

*Atwood* vs. *Charlton*, 21 R. I. 568;
*Green* vs. *Walker et al.*, *supra;*
*Harvey* vs. *Chapman*, 22 R. I. 316;
*Atwood* vs. *Arnold et al.*, 23 R. I. 609;
*Tierney* vs. *Citizens Savings Bank et al.*, 51 R. I. 329.

In the first of these cases it was held that the statute in question should be liberally construed, being remedial in its nature, and that while a remainder man was not a necessary party complainant to a bill, he was a proper party. In that particular case, at page 571, the Court says: "The complainant, as life tenant, would be entitled to redeem for the protection of her life estate, and is, therefore, within the statute." In that case the complainant was the life tenant herself, whereas in the case at bar one of the complainants is the receiver of the life tenant's estate.

The respondents urged very strongly that the requirement laid down in the case of *Green* vs. *Walker et al.*, *supra*, that where there are several mortgagors they must join before an assignment can be required, is not satisfied in the case now before the Court, because the life tenant herself is not a party complainant and, as a matter of fact, desires the foreclosure to proceed.

In the case at bar the parties complainant are the receiver of the life tenant's estate and the remainder man. It is true, of course, that the receiver is not the guardian either of the person or the estate of the life tenant but he does represent the interest of the life tenant in the property, and particularly the interest of the life tenant's creditors, and to a certain extent he takes the place of one of the two mortgagors.

There is also a distinction between

the case under consideration and the case of *Green* vs. *Walker et al., supra,* in that in the latter case it appeared that the two mortgagors were tenants in common, and the Court held that the tenant in common redeeming the mortgage by paying the entire amount due, would be amply protected because, on said payment, he could compel contribution from the other co-tenant and would be subrogated by operation of law to the rights of the mortgagee in order to obtain this contribution. In the present case, the Court believes there might be serious question whether any such right of subrogation or contribution would exist between the parties. Further, the evidence in this case discloses an understanding between the life tenant and the mortgagee, whereby the life tenant—if the witnesses are to be believed and the arrangements they refer to are carried out—will greatly benefit by the foreclosure, but the remainder man's estate will be substantially extinguished.

In the opinion of the Court, the facts as presented in the case at bar are so different from those revealed in the case of *Green* vs. *Walker et al., supra,* that the cases can be differentiated.

Several of the cases above cited discuss the rights of incumbrancers under the statute, and refer to the necessity for protection of such interests, in particular the case of *Tierney* vs. *Citizens Savings Bank, supra.* While in the case at bar the parties involved are, perhaps, mortgagors rather than incumbrancers, nevertheless the same line of reasoning would seem to apply. The necessity of obtaining an assignment of the mortgage in question rather than a discharge, in order to protect the rights of the interested parties, is obvious in view of the attachments and claims of creditors.

After giving the matter careful consideration, the Court is of the opinion that on the situation as disclosed the case of *Green* vs. *Walker et al., supra,* is distinguishable and is not controlling herein, and that the complainants are entitled to the relief prayed for.

A question has been raised in regard to the allowance of counsel fees for the respondents. In the judgment of the Court, this matter is covered in the opinion in the case of *Tierney* vs. *Citizens Savings Bank, supra.* It was there held that the respondent bank was not entitled to an allowance of counsel fees for proceedings in equity relating to an assignment.

If, therefore, the complainants tender the respondents, within such time as may be fixed by the decree to be entered herein, the amount due on the principal of the mortgage, together with all interest thereon, taxes, insurance, if any, such reasonable expenses as the respondents may have been put to growing out of the foreclosure of the mortgage itself, and a reasonable allowance for a counsel fee in that connection, which amount may be determined when the decree is entered, then said respondents are ordered to transfer and assign said mortgage debt and convey the mortgaged property to such person or corporation as the complainants may designate; but if said complainants do not tender said sums in accordance with the provisions of the decree to be entered herein, then this bill may be dismissed and any injunctions issued thereon vacated.

For complainant: Cooney & Kiernan, John G. Carroll.

For respondent: Hinckley, Allen, Tillinghast, Phillips & Wheeler.